[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14816
Non-Argument Calendar

_____

D.C. Docket No. 6:14-cv-01074-JA-DAB

DOUGLAS STALLEY,
as guardian of the Property of Benjamin Edward Hintz,

Plaintiff-Appellant,

versus

ALLSTATE INSURANCE COMPANY,
ALLSTATE INDEMNITY COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 17, 2017)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Douglas Stalley, as the guardian of the property of Benjamin Hintz, appeals a final judgment entered in favor of Allstate Insurance Company in a diversity action for third-party bad faith brought under Florida common law.  Stalley contends the district court abused its discretion by denying his proposed jury instructions requesting the jury resolve any questions regarding the possible outcome of a settlement effort in his favor and place a burden on Allstate to "conclusively prove that there was no realistic possibility of settlement within policy limits."  After review,[1] we affirm.

On June 2, 2009, Benjamin Hintz suffered a head injury when a Volkswagen Beetle driven by eighteen-year-old Emily Boozer hit his scooter from behind.  Emily's father, who lived in Melbourne Beach, Florida, listed and insured the Beetle on his Allstate automobile liability insurance policy.  The policy had bodily injury limits of $100,000 per person and $300,000 per accident, and property damage limits of $100,000 per accident.

A week following the accident, Allstate received a letter from the law firm representing Hintz.  Three days later, Allstate initiated settlement efforts by tendering the $100,000 bodily injury limits to the law firm.  The firm responded on June 26, 2009 with a letter stating that Hintz preferred "a global settlement" of all claims and asking Allstate to respond with their "very best offer for a global

---

[1] We review a district court's decision to exclude proposed jury instructions for an abuse of discretion. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F. 3d 1299, 1309 (11th Cir. 2013).

acceptable mutual release of all" claims.  After receiving the letter, Allstate retained attorney John Krentzman to represent it in settling the claim, and also hired separate counsel to represent Emily.

Over the next two months, Krentzman corresponded with the law firm regarding settling the claim and requested confirmation of Hintz's property damage.  Meanwhile, Allstate discovered in late July that Emily may have been residing with her grandparents in Indialantic, Florida on the date of the accident; thus, her grandparents' $100,000/$300,000 Allstate automobile policy or $1 million Allstate umbrella policy may cover her.  Allstate informed Hintz's lawyers of this development; however, the law firm never made a demand for the policy limits.

In early October, the law firm representing Hintz accepted $1,675.35 as the agreed amount of property damage, but rejected the $100,000 bodily injury limits check Allstate sent in mid-June.  Without notice to Allstate, the law firm representing Hintz filed suit against Emily on September 22, 2009—three months and twenty days after the accident.  Although her grandparents' umbrella policy did not specifically list Emily as a named insured or resident, Allstate determined it

3

covered Emily as a resident relative and tendered the $1.1 million policy limits on January 12, 2010.[2]

In February 2010, the law firm representing Hintz rejected that offer and proceeded with a negligence lawsuit against Emily in state court. The court entered judgment of more than $11 million against Emily. Allstate paid $1.1 million toward that judgment.

Douglas Stalley, as the guardian of Hintz's property, then filed suit against Allstate seeking to recover the unsatisfied portion of the final judgment, asserting Allstate acted in bad faith in failing to settle Hintz's claim against Emily.

The district court utilized Florida's standard jury instructions for bad faith.[3] Both parties agreed to this instruction and proposed additional language from bad faith case law. The district court included much of the parties' proposed additional language, including an explanation of the duties of an insurer and the "totality of the circumstances" standard for determining bad faith. However, the district court did not include language Stalley requested that instructed the jury to resolve any questions regarding the possible outcome of a settlement effort in his favor and to

---

[2] Allstate determined that her grandparents' automobile policy did not cover Emily. The $1.1 million in coverage stemmed from the umbrella policy and Emily's father's automobile policy.

[3] "Bad faith on the part of an insurance company is failing to settle a claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her interests." Fla. Standard Jury Instruction 404.4, Insurer's Bad Faith (Failure to Settle).

place a burden on Allstate to "conclusively prove that there was no realistic possibility of settlement within policy limits."

The district court did not abuse its discretion by excluding Stalley's proposed language in the jury instructions.  The proposed instructions were unnecessary to correctly state the law.  *See Lamonica*, 711 F.3d at 1309 (A district court abuses its discretion in refusing to give a requested jury instruction when it (1) "correctly stated the law," (2) "dealt with an issue properly before the jury," and (3) "resulted in prejudicial harm to the requesting party.").  Stalley proffered numerous cases in support of its instruction, none of which are directly on point or binding.[4]  Nonetheless, the district court distinguished and rejected each case cited by Stalley in a lengthy and well-reasoned opinion.  *Stalley v. Allstate Ins. Co.*, No. 6:14-cv-1074-Orl-28DAB, 2016 WL 3282371 (M.D. Fl. June 10, 2016).  Furthermore, an independent search indicated that this circuit's case law lacks relevant or binding precedent on this issue.  Thus, the district court did not abuse its discretion in excluding the requested instruction.

Even if the district court incorrectly applied the law in refusing to give the jury instruction, the error did not prejudice Stalley.  *See Lamonica*, 711 F.3d at 1309 (holding the district court's refusal to give a requested jury instruction must

---

[4] For example, *Powell v. Prudential Prop. & Cas. Ins. Co.*, 584 So. 2d 12, 14 (Fla. 3d DCA 1991) involved a directed verdict standard, not a request for a jury to resolve questions about the possible outcomes of a settlement in favor of the insured or an insured's burden of proof.  Additionally, *State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So. 2d 55, 63 (Fla. 1985) applies to cases involving coverage disputes, which is not the case here.

cause prejudicial harm to the requesting party).  The court reached a considered decision on the jury instructions after hearing arguments and requesting supplemental briefing on the issue by both parties.  The detailed jury instructions properly informed the jury of each element of the claim, asking the jury to consider all aspects of Allstate's handling of the claim, from inception through judgment, and to evaluate Allstate's behavior for bad faith under the totality of the circumstances.  The jury instructions paralleled Florida's pattern jury instructions and included additional details and specifications requested by the parties.

Accordingly, the district court did not abuse its discretion by denying Stalley's proposed jury instructions.

**AFFIRMED**.